UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW T. SARNOWSKI,

        Plaintiff,

  v.

        Case No. 21-cv-155-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING PLAINTIFF'S SECOND AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 7)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a number of motions for leave to proceed without prepaying the filing fee. Dkt. Nos. 2, 5, 7.

The court reviewed the plaintiff's first request to proceed without prepaying the filing fee (Dkt. No. 2) and determined that it did not contain enough information for the court to decide whether or not the plaintiff could afford to pay the filing fee—specifically, the court needed to know how the plaintiff was living (he had supplied no information as to who provided housing and support for him); the court ordered the plaintiff to file an amended request addressing those concerns. Dkt. No. 4.

The plaintiff filed an amended request (Dkt. No. 5), but that request did not include the information the court was looking for—the plaintiff again did

1

not indicate who was providing housing and support for him; the court gave him one final opportunity to amend his request to address those issues. Dkt. No. 6. The plaintiff now has filed a second amended request to proceed without prepaying the filing fee. Dkt. No. 7.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's latest request indicates that he is not employed, he is not married, and he has a two-year-old daughter he is responsible for supporting. Dkt. No. 7 at 1. The only income the plaintiff lists is approximately $100 a month from "various handyman jobs," and his only expenses are $40 per month for a cell phone. Id. at 2-3. The plaintiff does not own his home, a car, or any other property of value; and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff attached to his amended motion letters clarifying his living arrangements. Dkt. Nos. 17-1, 17-2. He indicates that he is currently sleeping on his brother's couch and that his brother provides "merely enough food for [the plaintiff] to survive." Dkt. No. 17-2 at 1. The plaintiff states that that when the weather gets warmer he will be living on the streets or "couch-surfing with anyone [he] can find." Id. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

2

Case 2:21-cv-00155-WED   Filed 04/08/21   Page 2 of 4   Document 9

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992) (quoting <u>Nietzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Casteel v. Pieschek</u>, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. <u>See Roddy v. Astrue</u>, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff has filed this court's standard *pro se* social security complaint. Dkt. No. 1. The complaint states that the plaintiff is appealing the Commissioner of Social Security's decision to deny disability insurance benefits to the plaintiff, that the plaintiff was disabled during the time period included in this case and that the plaintiff believes the Commissioner's unfavorable conclusions and findings of fact when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. <u>Id.</u> at 3. In the space for additional facts, the plaintiff wrote "non compaction cardiomyopathy, dyslipidemia, s/p PTCA (percutaneous transluminal coronary angioplasty), DOE (dyspnea on exertion), palpitations, left ventrical apical thrombus without mi, heart failure, arythmia, ruminating thoughts, insomnia, PTSD, anxiety, major depression, separation anxiety, obsessive compulsive disorder, panic disorder, social anxiety disorder, claustrophobic, addiction disorder." <u>Id.</u> At this early stage in the case, and based on the information in the plaintiff's

3

Case 2:21-cv-00155-WED   Filed 04/08/21   Page 3 of 4   Document 9

complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's second amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 7.

Dated in Milwaukee, Wisconsin this 8th day of April, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**
