UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANDREW T. SARNOWSKI,**

          **Plaintiff,**

      v.                                                Case No. 21-CV-155

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social Security Administration,**

          **Defendant.**

## DECISION AND ORDER

### 1. Introduction

Alleging he has been disabled since August 1, 2018 (Tr. 11), plaintiff Andrew Sarnowski seeks supplemental security income and disability insurance benefits. After his application was denied initially (Tr. 11) and upon reconsideration (Tr. 11), a hearing was held before Administrative Law Judge (ALJ) Wayne Ritter on August 11, 2020 (Tr. 11). On August 24, 2020, the ALJ issued a written decision concluding that Sarnowski was not disabled. (Tr. 11.) After the Appeals Council denied Sarnowski's request for review on December 8, 2020 (Tr. 1-3), Sarnowski filed this action. All parties have consented to

the full jurisdiction of a magistrate judge (ECF Nos. 10, 13), and the matter is ready for resolution.

**2. ALJ's Decision**

In determining whether a person is disabled, an ALJ applies a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one the ALJ determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). The ALJ found that Sarnowski "has not engaged in substantial gainful activity since August 1, 2018, the alleged onset date[.]" (Tr. 13.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a). The ALJ concluded that Sarnowski has the following severe impairments: "ischemic heart disease, essential hypertension, disorders of the back, anxiety/depression and alcohol addiction[.]" (Tr. 14.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "the listings"), 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 416.920(a)(4)(iii), 416.925. If the impairment or impairments meets or medically equals the criteria of a listing and also meets the twelve-

month durational requirement, 20 C.F.R. §§ 404.1509, 416.909, the claimant is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairment or impairments is not of a severity to meet or medically equal the criteria set forth in a listing, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ found that Sarnowski "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (Tr. 14.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In making the RFC finding the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that Sarnowski has the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to simple, work-related decisions, occasional workplace changes and occasional interaction with the public." (Tr. 16.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of his past relevant work.

20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560, 416.920(a)(4)(iv), 416.960. The ALJ concluded that Sarnowski is "unable to perform any past relevant work[.]" (Tr. 24.)

The last step of the sequential evaluation process requires the ALJ to determine whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 416.920(a)(4)(v), 416.960(c). At this step, relying on the testimony of a vocational expert, the ALJ concluded that that there were jobs that Sarnowski could perform, including merchandise marker (Dictionary of Occupational Titles (DOT) Number 209.587-034); cleaner, housekeeping (DOT Number 323.687-014); and cafeteria attendant (DOT Number 311.677-010). (Tr. 25.) Therefore, Sarnowski was not disabled. (Tr. 25.)

### 3. Standard of Review

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex*

*rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

4. Analysis

In support of his claim Sarnowski submitted one handwritten page where he describes his impairments and how they affect his life. (ECF No. 20.) It does not point to any specific error of the ALJ. Nor does it include any citations to the record.

Although the court reviews the pleadings of pro se plaintiffs more liberally than those drafted by lawyers, it is not the court's role to search out or make arguments for an unrepresented party. *Woods v. Colvin*, No. 3:14-CV-02020-CAN, 2015 WL 9076997, at *2 (N.D. Ind. Dec. 16, 2015) (citing *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993)); *see also Herman v. Berryhill*, No. 16 CV 50298, 2018 WL 2760325, at *6 (N.D. Ill. Feb. 23, 2018) ("In her briefs, plaintiff has asked this Court to review the record and find that she is disabled, but it is not this Court's job to construct a party's argument for her, and this holds true even when that party is proceeding pro se." (quotation marks and brackets omitted)).

The Commissioner in his response noted that Sarnowski failed to point to any specific error in the ALJ's decision. (ECF No. 22 at 2.) Sarnowski did not reply.

Because Sarnowski has not alleged any specific error in the ALJ's decision, it would be appropriate to simply deny his challenge as unsupported. Nonetheless, liberally construing Sarnowski's letter as arguing that the ALJ's decision was not supported by substantial evidence, the court will review the ALJ's decision for any apparent error.

The ALJ appropriately considered whether Sarnowski's impairments met a Listing. The ALJ considered Sarnowski's back disorders, cardiovascular conditions, and "mental and substance use impairments, [] singly and in combination." (Tr. 14.) There was substantial evidence that Sarnowski's back disorders did not satisfy the criteria outlined in Listings 1.15 or 1.15, and there was substantial evidence that his cardiovascular conditions did not satisfy the criteria outlined in Listing 4.04. There was also substantial evidence that his mental and substance use impairments did not satisfy the criteria outlined in Listings 12.04 and 12.06. Indeed, while Sarnowski was at one point hospitalized for suicidal thoughts (Tr. 20, 44), there is no indication that any medical professional ever concluded that Sarnowski suffered at least one "extreme" limitation or two "marked" limitations in the following "paragraph B" criteria:

      1.      Understand, remember, or apply information (see 12.00E1).
      2.      Interact with others (see 12.00E2).
      3.      Concentrate, persist, or maintain pace (see 12.00E3).
      4.      Adapt or manage oneself (see 12.00E4).

Nor was there evidence that Sarnowski satisfied the "paragraph C" criteria:

> Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

Consequently, there was substantial evidence to support the ALJ's conclusion that Sarnowski did not meet or medically equal a Listing.

Turning to the question of whether the ALJ's finding of Sarnowski's RFC was supported by substantial evidence, the court begins with the ALJ's assessment of the medical opinions. The ALJ adequately explained that he discounted the opinion of consultative examiner Dr. Anthony Wendorf insofar as he believed that Wendorf's suggested "moderate limitation in interacting with supervisors and marked restriction in the other criteria conflicts with his examination findings showing the claimant able to perform the serial 3s and 7s and track conversation and follow a three-step command." (Tr. 23.) The ALJ also noted that Wendorf's opinion "is also inconsistent with the notes from providers reflecting cooperative behavior, the absence of highly structured or intensive mental health care, and the claimant's ability to tend to his daily activities." (Tr. 23.) The ALJ also adequately explained that he discounted the opinion of psychological consultant Dr. Robert Barthell because he "did not have the opportunity to review

7
Case 2:21-cv-00155-WED   Filed 12/29/21   Page 7 of 10   Document 23

hearing level evidence documenting mental health symptoms and treatment with medication." (Tr. 23.)

The ALJ accepted the opinions of psychological consultant Dr. Jan Jacobson and medical consultants Dr. Patrick Belson and Dr. Pat Chan. (Tr. 23.) Dr. Jacobson opined that Sarnowski has a mild limitation in "understanding, remembering or applying information and moderate limitations in the remaining criteria." (Tr. 23.) He opined that Sarnowski "could sustain attention for simple, repetitive tasks for extended periods of two-hour segments over the course of a routine workday/week within acceptable attention, concentration, persistence and pace tolerances, deal directly with the public on an occasional basis but could relate adequately to coworkers and supervisors, and could respond appropriate [sic] to infrequent/gradual changes." (Tr. 23.) Dr. Belson and Dr. Chan opined that Sarnowksi could perform "light exertional work." (Tr. 23.)

The ALJ incorporated the opinions of these three doctors in a hypothetical he posed to the vocational expert: "Now let's say the person has got the same limitations, light, but also is limited to simple, routine and repetitive tasks with no fast-paced work requirements; only simple work-related decisions, occasional workplace changes, and no more than occasional interaction with the public." (Tr. 69.) The ALJ then reasonably relied on the vocational expert's testimony to conclude that jobs exist in the national economy that Sarnowski could do with his impairments.

The ALJ also reasonably concluded that Sarnowski's symptoms were not as severe as he alleged. In accordance with SSR 16-3p, the ALJ summarized Sarnowksi's symptoms and then explained why he concluded that Sarnowski's "allegations of disabling symptoms and limitations are not consistent with the totality of the evidence." (Tr. 21.) He noted:

> Diagnostic studies showed minimal/mild spine disease and the claimant has not required or pursued significant treatment for his spine condition. Regarding his cardiovascular conditions, the records reflect mild impairment. The claimant also exhibits reasonably good mental function on examination and has received conservative mental health treatment. Second, the claimant's activities, as stated in the medical evidence, show him to be more functional than he alleges.

(Tr. 21.) He then went on to address each of Sarnowksi's impairments more specifically, explaining, for example, that

> In terms of his cardiovascular conditions, the record documents noncompliance with treatment despite having health insurance (Ex. 20F-20, Hearing Testimony). Further, his cardiac impairment is mild. As discussed, stress echocardiogram revealed fair exercise tolerance, an MRI found a near normal ejection fraction, MVO2 study showed mildly limited exercise capacity and mildly impaired cardiac output (Ex. 17F-137). The claimant's cardiologist assigned him a New York Heart Association Class II+, which suggests only slight limitation of physical activity. Also, the record does not document any residuals from his stroke (Ex. 17F-137). Finally, while the claimant has reported having headaches since his heart attack, he did not consistently raise complaints of severe, persistent headaches and has treated the headaches with his cardiac medication regimen rather than interventions intended to specifically address headaches.

(Tr. 21.)

In all, the ALJ built the required logical bridge from the evidence to his conclusion. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

## 5. Conclusion

"All disability claimants, even those proceeding pro se, bear the burden of demonstrating that the ALJ committed reversible error in rendering h[is] decision." *Cross v. Colvin*, No. 14-cv-1395, 2016 WL 53819, at *4 (C.D. Ill. Jan. 5, 2016) (citing *Woods v. Colvin*, No. 2:14-CV-83, 2015 WL 5773710, at *4 (N.D. Ind. Sept. 30, 2015)); *see also Cadenhead v. Astrue*, 410 Fed. App'x. 982, 984 (7th Cir. 2011) ("Appellants, including those who are pro se, must present arguments supported by legal authority and citations to the record."); *McLachlan v. Astrue*, 392 Fed. App'x 493, 494 (7th Cir. 2010) (dismissing pro se appeal because the brief did "not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error"). Sarnowski has failed to do so here.

Because the ALJ's decision was supported by substantial evidence and the court has not identified any error of law, **IT IS THEREFORE ORDERED** that the decision of the Commissioner is affirmed. Sarnowski's complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of December, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge